IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE THOMAS, # 25527-037 :
    Petitioner :     Civil Action No. WDQ-10-84
:     Criminal Action No. WDQ-91-212
v. :

UNITED STATES OF AMERICA :
    Respondent :
. . . . . . . . . . . .o0o. . . . . . . . . . .

MEMORANDUM

    Wayne Thomas, a federal prisoner, petitions for a Writ of Audita Querela under the All Writs Act, 28 U.S.C. §1651, to correct his sentence for use of a firearm in relation to a drug trafficking crime. For the reasons that follow, the Curt will construe the Petition as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and dismiss it without prejudice.

I.    Background

    Thomas is serving 360 months incarceration for possession with intent to distribute cocaine, conspiracy to distribute cocaine, and possession of a firearm in connection to a drug trafficking crime. Judgment was confirmed on appeal. *See United States v. Thomas*, 23 F. 3d 404 (Table) (4th Cir. 1994). On January 24, 2001, the Court denied his Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255. The Fourth Circuit subsequently denied his request for authorization to file a second or successive § 2255 motion.

    Thomas originally filed this Petition for Writ of Audita Querela in the United States District Court for the Eastern District of New York. On January 6, 2010, the Eastern District ordered the case transferred to Maryland, stating that it had "no jurisdiction to consider a challenge to a criminal conviction or sentence entered in another district court." Paper No. 2. Transfer Order.

II.  Discussion

The Writ of Error Audita Querela, is not available to challenge a sentence where the claims presented may be raised pursuant to 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985) that " '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and " '[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited audita querela to instances in which there are gaps in the framework of federal post-conviction relief for which no other remedy is available). Thomas's challenge to his sentence is cognizable under §2255, and there is no "gap" in available federal post-conviction remedies. A Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is the presumptive means for a federal inmate to collaterally attack his sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The remedy provided under § 2255 is neither inadequate nor ineffective because a petitioner does not meet the gatekeeping requirements set forth in the federal habeas statute. *See* 28 U.S.C. § 2244(b) (3) (A); *Valdez-Pacheco*, 237 F.3d at 1080. Petitioner's reliance on the residual authority of the All Writs Act is unnecessary and improper.

The instant petition is Thomas's second or successive § 2255 petition; it may not be considered by this court without prior authorization from the United States Court of Appeals. *See* 28 U.S.C. § 2244(b) (3)(A).

III.  Certificate of Appealability

The petition provides no basis for issuance of a certificate of appealability. A prisoner

seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of her motion. *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition, or pursuing her claims after obtaining such permission.

IV.  Conclusion

The Court will dismiss the Petition without prejudice for lack of jurisdiction. Thomas may seek redress by filing a Motion to Vacate, Set Aside or Vacate after obtaining the requisite appellate pre-authorization. An order consistent with this memorandum follows.

January 25, 2010              /s/
Date                          William D. Quarles, Jr.
                              United States District Judge